IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

UNITED STATES OF AMERICA

v.                                                      No. 4:25-cr-18

FRANKY KWASI SILCOTT,

    Defendant.

## STATEMENT OF FACTS

The United States and the defendant, FRANKY KWASI SILCOTT (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.    On November 19, 2024, members of Homeland Security Investigations and other law enforcement agencies (the "investigative team") were conducting surveillance on the defendant in the area of the defendant's mother's apartment in the City of Hampton, Virginia. The investigative team also obtained a search warrant for the aforementioned apartment in Hampton.

2.    After obtaining the residential search warrant, members of the investigative team observed the defendant arrive at the apartment in Hampton. He exited his vehicle and went into the apartment for a few minutes, before leaving the complex again in his vehicle. A member of the investigative team then observed the defendant commit a traffic infraction. Investigators followed the defendant and relayed information regarding the observed traffic violation to Virginia State Police (VSP).

1

3.      VSP activated their emergency lights and sirens and attempted to conduct a traffic stop of the defendant, but he failed to stop.   The defendant was apprehended after his vehicle was boxed in by an unmarked police vehicle and he was unable to continue to flee.

4.      Investigators advised the defendant of his rights under *Miranda*, and he agreed to speak with members of the investigative team.   When presented with the search warrant, the defendant said that he would take responsibility for everything in his mother's apartment.   He agreed to travel with the investigators to his mother's apartment for the search.   The defendant told investigators that drugs would be located inside of a suitcase in the closet of the second bedroom.

5.      Officers located the suitcase where the defendant said it would be found in his mother's residence, and from it, they recovered a bag containing suspected cocaine.   Subsequent laboratory analysis of this substance revealed that it was around 111.50 grams of cocaine, which is a Schedule II narcotic controlled substance.   Members of the investigative team also found empty plastic packaging material in the outside pocket of the suitcase.

6.      On the top shelf in the same closet, above the suitcase, officers located a utility case containing a spoon with residue, latex gloves, empty plastic bags, and another quantity of controlled substances.   Behind that case, investigators recovered a Taurus .357 revolver, loaded with five cartridges in the cylinder.   They also recovered additional amounts of controlled substances on the same shelf in closet.   Elsewhere in the closet and in the bedroom, investigators recovered mail addressed to the defendant, an amount of a suspected cutting agent, sandwich bags, and digital scales.

2

7.     Later that evening, when the defendant was being taken into the jail for booking, he admitted that he had additional cocaine on him.   Law enforcement recovered two bags from the defendant's person.

8.     All recovered drug and non-drug evidentiary exhibits were processed, packaged, and submitted for analysis/safe storage.

9.     The drug quantities recovered—as well as the presence of cutting agents, digital scales, and packaging materials—indicate that the defendant knowingly possessed cocaine on November 19, 2024, with the intent to distribute that controlled substance.

10.     The Taurus .357 revolver possessed by the defendant on November 19, 2024, was later determined by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to be a firearm as defined in 18 U.S.C. § 921(a)(3).

11.     At the time the defendant possessed the Taurus .357 revolver, he had been knowingly convicted of a felony crime punishable by imprisonment for a term exceeding one year and was aware of his status as a convicted felon. The defendant did not have his civil rights restored and could not legally possess the Taurus .357 revolver.

12.     The Taurus .357 revolver was subsequently sent to the Federal Bureau of Investigation (FBI) Laboratory Division for examination.   The FBI Laboratory DNA Unit analyzed swabbing of textured areas of the revolver grip and concluded that there was very strong support for inclusion of the defendant as a possible contributor to those DNA typing results.

13.     The defendant possessed the Taurus .357 firearm on November 19, 2024, in furtherance of his drug trafficking—to protect himself, his narcotics, and the cash that came from the sale of narcotics.

14.     All of these events occurred in the Eastern District of Virginia.

15.    This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States.   It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

16.    The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:    _____
Alyson C. Yates
Special Assistant United States Attorney

4

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, FRANKY KWASI SILCOTT, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
FRANKY KWASI SILCOTT

I am Scott F. Hallauer, the defendant's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Scott F. Hallauer, Esq.
Attorney for FRANKY KWASI SILCOTT